**Opinion issued September 20, 2012**



In The

# Court of Appeals

For The

# First District of Texas

—————————

**NO. 01-12-00427-CR**
**NO. 01-12-00428-CR**

—————————

**CHARLES JOSEPH BURGEOIS a/k/a CHARLES JOSEPH GILLIAM,**
**Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1314757 & 1314758**

---

## MEMORANDUM OPINION

Appellant, Charles Joseph Burgeois a/k/a Charles Joseph Gilliam, pleaded guilty to the offense of felony criminal mischief and pleaded "true" to the allegations in two felony enhancement paragraphs. Appellant also pleaded guilty to assault of a victim with whom the appellant had a dating relationship, a felony

offense. The trial court found appellant guilty of both offenses, found the enhancements to the first offense true, and, in accordance with the terms of appellant's plea agreements with the State, sentenced appellant to confinement for two years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a pro se notice of appeal from the two convictions. We dismiss the appeals.

In a plea bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). The voluntariness of a guilty plea may not be raised on appeal from plea-bargained felony conviction absent permission of the trial court. *See Cooper v. State*, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certifications are included in the records on appeal. *See id.* The trial court's certifications state that these are plea bargain cases and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant did not appeal any pre-trial matters, and the trial court did not give permission for appellant to appeal. The record supports the trial court's certifications. *See Dears v. State*,

154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss these appeals for want of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justices Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

3